NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5431-14T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DARWIN G. GODOY,

 Defendant-Appellant.

______________________________

 Submitted September 12, 2017 – Decided September 27, 2017

 Before Judges Sumners and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Indictment No.
 98-04-0624.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Richard Sparaco, Designated
 Counsel on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Catherine A. Foddai,
 Senior Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM
 Defendant appeals the denial of his application for post-

conviction relief (PCR) without an evidentiary hearing, and raises

the following arguments in his brief:

 POINT I

 DEFENDANT WAS ENTITLED TO AN EVIDENTIARY
 HEARING BECAUSE HE PRESENTED A PRIMA FACIE
 CASE OF INEFFECTIVE ASSISTANCE OF TRIAL
 COUNSEL AND THE EVIDENCE LAID OUTSIDE THE
 RECORD.

 POINT II

 DEFENDANT WAS ENTITLED TO AN EVIDENTIARY
 HEARING BECAUSE HE PRESENTED A PRIMA FACIE
 CASE OF INEFFECTIVE ASSISTANCE OF APPELLATE
 COUNSEL.

We affirm the denial of defendant's petition substantially for the

reasons set forth in Judge James J. Guida's oral opinion on May

18, 2015.

 We previously considered defendant's PCR in July 2011 and

rejected his arguments that: his statement to the police should

not have been introduced into evidence against him at trial; his

request for an adjournment of the trial should not have been

denied; the trial court erred in charging the jury on accomplice

liability; he should have faced only one – not three – murder

charges; his rights under the Vienna Convention on Consular

Relations were violated; and his sentence was illegal. State v.

Godoy, No. A-2439-09 (App. Div. July 22, 2011) (slip op. at 7-10).

 2 A-5431-14T3
Defendant also argued that a portion of the admissions he made

during the entry of his vacated plea was impermissibly introduced

into evidence at his trial. Id. at 8-9. We remanded the matter

to the PCR court because we were not able to determine from the

record whether the trial court admitted defendant's plea testimony

or his testimony from the trial of his accomplices; we were

concerned that defendant's admissions of guilt during the plea

colloquy were admitted into evidence in contravention of New Jersey

Rule of Evidence 401. Godoy, supra, slip op. at 11-12.

 After reviewing the record of defendant's testimony Judge

Guida determined, and defendant's PCR counsel agreed, it was

"crystal clear that what was played was not the plea colloquy, but

the testimony . . . during the trial proceedings." His finding

obviated the concern that prompted our remand.

 Defendant now argues, without citing to any authority, that

his prior trial testimony was also inadmissible at his trial. He

also contends his trial counsel was ineffective because he failed

to tell defendant that his testimony at his accomplice's trial

could be used against him at his own trial. Defendant did not

raise these issues prior to the remand. We agree with Judge Guida

that these contentions are time-barred because they were raised

well after the five-year time limit set forth in Rule 3:22-12(a),

and defendant has failed to show excusable neglect. State v.

 3 A-5431-14T3
Cann, 342 N.J. Super. 93, 101-02 (App. Div.), certif. denied, 170

N.J. 208 (2001) (citation omitted).

 We also agree with Judge Guida that defendant is not entitled

to an evidentiary hearing regarding his claim of ineffective

assistance of trial counsel, having failed to present a viable

prima facie case that would warrant one. State v. Preciose, 129

N.J. 451, 462-63 (1992). Defendant further avers that he was

entitled to an evidentiary hearing because he presented a prima

facie case of ineffective assistance of appellate counsel. We

find insufficient merit in that argument to warrant discussion in

a written opinion. R. 2:11-3(e)(2).

 Affirmed.

 4 A-5431-14T3